IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 12-cv-02926-RBJ

AURORA COMMERCIAL CORP., as successor to AURORA BANK FSB, a Federal Savings Bank,

    Plaintiff,

v.

FIRST RESIDENTIAL MORTGAGE SERVICES CORPORATION,
A New Jersey Corporation,

    Defendant.

---

## ORDER

---

    This case arises from First Residential Mortgage Services Corporation's alleged failure to honor repurchase terms in a January 27, 2005 Loan Purchase Agreement. Asserting jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. § 1332, the plaintiff, Aurora Commercial Corp., alleged claims of breach of contract, breach of express warranties, and unjust enrichment. Amended Complaint [ECF No. 8].

    Defendant, represented by counsel, filed an Answer to the Amended Complaint. [ECF No. 12] A scheduling conference was held, and the case was set for a trial preparation conference on March 21, 2014 and two two-day trials to the Court beginning April 7 and 14, 2014. [ECF No. 21]

    On November 27, 2013 plaintiff filed a Motion for Summary Judgment. [ECF No. 30]. The motion states that defendant had not responded to discovery, and its counsel has indicated that it might file bankruptcy. The motion certifies that plaintiff's counsel has conferred with

defendant's counsel who indicated that she would speak with her client about the motion. However, as at the date of the filing of the motion, defendant's counsel had not indicated whether her client opposes the motion. The essence of the motion is that (1) there is no genuine dispute of material fact; (2) the defendant has failed to respond discovery and appears no longer to be willing to defend; and (3) therefore, judgment should be entered as a matter of law.

Defendant did not respond to the motion for summary judgment. On January 5, 2014 defendant's counsel moved for leave to withdraw, indicating that defendant's COO has advised that defendant has insufficient funds to afford counsel or to continue litigating the case. The Court denied the motion to withdraw because there was no indication either that counsel had conferred with plaintiff's counsel or whether the client objects to counsel's withdrawal.

On January 17, 2014 the Court issued an order that defendant show cause as to why summary judgment should not be granted based on the defendant's failure to respond to the motion and seeming unwillingness to defend the case. [ECF No. 33]. I noted that this is the second case in which the Court had been notified of First Residential's situation. The Court requested a response within 14 days.

Accordingly, the Court now grants the motion for summary judgment. Having reviewed the Affidavit of Aurora Bank FSB [ECF No. 30-1] and the other documents in the file, the Court is satisfied that judgment should enter in the amount described in the affidavit.

**ORDER**

1. Plaintiff's motion for summary judgment [ECF No. 30] is GRANTED.

2. The Court orders that final judgment enter in favor of Aurora Commercial Corp. and against First Residential Mortgage Services Corporation in the amount of $1,042,488.93 plus

post-judgment interest. The Court further orders that, as the prevailing party, plaintiff is awarded its costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

    3. The trial preparation conference and trials are vacated.

DATED this 4th day of February, 2014.

BY THE COURT:

*(signature)*

R. Brooke Jackson
United States District Judge